*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SILVIA MARIA MEYRELLE-MARTINEZ,

        Defendant-Appellant.

UNPUBLISHED
March 4, 2021

No. 348586
Wayne Circuit Court
LC No. 17-010620-01-FH

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

RIORDAN, J. (*concurring in part and dissenting in part*).

I concur with the majority that defendant is entitled to a new trial because the trial court failed to properly instruct the jury concerning self-defense in the home.[1] I respectfully dissent, however, from the majority's decision to further remand to the trial court for additional *Ginther*[2] hearing proceedings for that court to determine, yet again, whether she received the ineffective assistance of counsel concerning the rejected plea offer.

"This Court defers to the trial court's superior position to evaluate the credibility of witnesses who testified before it." *People v White*, 331 Mich App 144, 150; 951 NW2d 106 (2020). Here, the trial court heard the competing testimony of defense counsel and defendant as to whether he informed her before trial about the mandatory two-year sentence for felony-firearm, see MCL 750.227b, and found that defense counsel was more credible in this regard. That is, the trial court found that defense counsel informed defendant about the nature of a felony-firearm sentence so she was sufficiently able to evaluate whether to accept the plea offer. The trial court explained that defense counsel was credible because he "testified convincingly about his discussion with his client" and "he has an extraordinary amount of experience practicing criminal

---

[1] Given that defendant is entitled to a new trial on this basis, I would not reach the remaining claims of instructional error raised by defendant.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

law." In contrast, the trial court explained, defendant was not credible because (1) she consulted with defense counsel about 10 times before trial, and it was "very difficult to believe" that he did not inform her about the relevant sentence during one of those consultations; and (2) her testimony that she was not curious about the relevant sentence was "incredible."[3] The trial court's credibility determination and corresponding finding that defense counsel informed defendant about the relevant sentence was reasonable, supported by the record, and should be left undisturbed.

In deciding otherwise, the majority states that the transcript of the March 15, 2018 hearing "meaningfully contradicts [defense counsel's] *Ginther* hearing testimony that he asked the court to place [defendant] under oath to ensure that she understood the terms and benefits of the plea offer." I respectfully disagree with this characterization of defense counsel's testimony. Defense counsel testified that "as a general rule" he asks the trial court to place his client under oath to question the client about a rejected plea offer that he believes to be favorable, and he agreed that consistent with this "general rule," he "would've had [defendant] sworn in in court . . . about the offer." Thus, defense counsel did *not* testify that he asked the trial court to place defendant under oath at the March 15, 2018 hearing. Rather, defense counsel testified that *if* he acted in accordance with his "general rule," then he *would have* asked the trial court to place defendant under oath. The transcript of the March 15, 2018 hearing therefore only establishes that defense counsel did not act in accordance with his "general rule" at that time, not that he testified inconsistently at the *Ginther* hearing.

Moreover, even if defense counsel did testify at the *Ginther* hearing that he asked the trial court to place defendant under oath at the March 15, 2018 hearing to discuss the rejected plea offer, contrary to what actually occurred, that contradiction would not be "meaningful." It is undisputed that the general terms of the plea offer—dismissal of the felony-firearm charge and a guilty plea to the felonious-assault charge—were placed on the record, and further, that the trial court elicited from defendant that she rejected the plea offer. In my view, whether defendant was actually under oath by defense counsel's request when the rejected plea offer was discussed is largely irrelevant and would not significantly undermine defense counsel's subsequent testimony to the contrary, if in fact he did so testify.[4]

---

[3] When asked at the *Ginther* hearing whether she was curious about the sentence for each charge, defendant responded, "I never gone through any of those so, no, I wasn't curious."

[4] Indeed, defense counsel may have had a valid reason for deviating from his "general rule" that he asks the trial court to place his client under oath to question the client about a rejected plea offer. Given that the terms of the plea offer and defendant's express rejection of it had already been placed on the record without a voir dire by defense counsel, he may have decided, quite reasonably in my view, that immediately seeking to replicate the same record through a voir dire would be perceived as a waste of the court's time.

Accordingly, while I concur with the majority that defendant is entitled to a new trial, I respectfully dissent from its remand to the trial court for additional *Ginther* hearing proceedings.

/s/ Michael J. Riordan